UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL ELLIOT, #236879,

      Petitioner,

v.                                  Case No. 07-13566

MARY BERGHUIS,

      Respondent.
_____/

**OPINION AND ORDER (1) CONSTRUING PETITIONER'S "MOTION FOR CERTIFICATE OF APPEALABILITY" AS "MOTION FOR RECONSIDERATION," (2) DENYING MOTION FOR RECONSIDERATION, AND (3) GRANTING PETITIONER'S "MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS"**

Petitioner Michael Elliot filed a pro se second petition for writ of habeas corpus, on August 24, 2007, pursuant to 28 U.S.C. § 2254. The Sixth Circuit granted Petitioner leave to file a second or successive petition. *In re Elliot*, Case No. 07-1067 (6th Cir. June 19, 2007). On March 14, 1994, Petitioner was convicted in Gladwin County Circuit Court of four counts of premeditated murder, Mich. Comp. Laws § 750.316; one count of armed robbery, Mich. Comp. Laws § 750.529; one count of entry without breaking with intent to commit a larceny, Mich. Comp. Laws § 750.111; arson of a dwelling house, Mich. Comp. Laws § 750.72; and one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On September 29, 2009, the court issued an "Opinion and Order Dismissing the Petition for Writ of Habeas Corpus, Denying Petitioner's Motion to Expand the Record, and Declining to Issue a Certificate of Appealability." Pending before the court is Petitioner's "Motion for Certificate of Appealability" and "Motion for Leave to Proceed In Forma Pauperis."

Because the court already has denied a certificate of appealability, the court will construe Petitioner's motion as requesting reconsideration of that denial.

## I.  DISCUSSION

### A.  Motion for Reconsideration

Motions for reconsideration may be granted when the moving party shows: (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot,* 321 F.Supp.2d 872, 874 (E.D. Mich. 2004).

The court will deny Petitioner's motion for reconsideration. The court declined to issue a certificate of appealability because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner's arguments for reconsideration amount to a disagreement with the court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. L.R. 7.1(g)(3); see also, *Meekison v. Ohio Dept. Of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the court's decision denying a certificate of appealability was based upon a palpable defect by which the court was misled.

### B.  In Forma Pauperis

Petitioner has also filed an application to appeal in forma pauperis. Federal Rule

of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. An appeal may not be taken in forma pauperis if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching,* 2002 WL 15701, at *3 (N.C. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. *Foster v. Lidwick,* 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002) (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Although the court found that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, shall grant Petitioner's request to proceed without prepayment of the filing fee.

## II. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 19], which the court has construed as a "Motion for Reconsideration" is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Application for Leave to Proceed on Appeal In Forma Pauperis." [Dkt. #20] is GRANTED.


        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2009, by electronic and/or ordinary mail.

        S/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522